IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA M. ROJO,<br><br>              Plaintiff,<br><br>vs.<br><br>  JERRY WATSON, *et al.*,<br><br>              Defendants. | 4:15-CV-3134<br><br>MEMORANDUM AND ORDER |

    The plaintiff, Angela Rojo, is suing Hall County Sheriff Jerry Watson, Hall County Sheriff's Deputy David Waskowiak, and Brumbaugh & Quandahl, PC, LLO, for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.* This matter is before the Court on Watson's and Waskowiak's motions to dismiss. Filing 13; filing 14. For the reasons explained below, the defendants' motions will be granted.

BACKGROUND

    Briefly summarized, Rojo's allegations are as follows. In 2009, Brumbaugh & Quandahl sued Rojo seeking payment of a past-due debt. Filing 1 at 2. Brumbaugh & Quandahl obtained default judgment against Rojo and, in an attempt to collect on the judgment, filed a praecipe of writ of execution.[1] Filing 1 at 3. The writ instructed the sheriffs to execute on any and all of Rojo's personal property, and to "provide employment and banking information upon return of the execution." Filing 1 at 3. Waskowiak, acting on the writ, made two separate visits to Rojo's residence—the first on February 18, 2015, and the second on March 2. Filing 1 at 3-4.

    Rojo claims that Waskowiak (and Watson, acting through Waskowiak) acted improperly in several respects. She claims that Waskowiak, in serving the writ on February 18, threatened to seize her vehicle, and demanded that she reveal banking and employment information. Filing 1 at 3-4. She also claims that Waskowiak told her that she was required to enter into a payment plan, and that he would return every 2 weeks to collect payments.

---

[1] Under Nebraska law, a judgment creditor can file a writ of execution to collect on a judgment. The writ typically instructs the sheriff to seize and sell property, the value of which is applied to the total amount owed. Neb. Rev. Stat. § 25-1516.

Filing 1 at 4. Responding to these commands, Rojo borrowed $30.00 from her mother, which she provided to Waskowiak as payment toward the judgment. Filing 1 at 4. Waskowiak allegedly took $22.82 of the $30.00 as a collection fee, applying the remaining balance toward the judgment. Filing 1 at 4.

Following her encounter with Waskowiak, Rojo filed a claim of exemption in the Hall County Court, exempting all of her personal property from execution. Filing 1 at 4. Notice of Rojo's claim was served on Watson. Filing 1 at 4. Notwithstanding this filing, Rojo claims that Waskowiak returned to her residence on March 2, seeking another $30.00 payment. Filing 1 at 3-4. Rojo informed Waskowiak that she had obtained counsel, to which Waskowiak replied, "Why do you need a lawyer?" Filing 1 at 5. Following these events, Rojo's counsel contacted Hall County officials to express concern about the sheriff's collections practices. Waskowiak allegedly informed Rojo's attorney that he had done nothing wrong, and that he would not make any changes to his routine. Filing 1 at 5. Rojo sued Watson, Waskowiak, and Brumbaugh & Quandahl under the FDCPA. Filing 1 at 8-9. Watson and Waskowiak move to dismiss Rojo's claim pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## ANALYSIS

Rojo alleges that Watson and Waskowiak exceeded their statutory authority in serving the writ of execution. She claims, in part, that Waskowiak improperly questioned her regarding banking and employment information, and her need for counsel, and that he threatened to seize her car without first providing her a copy of the possible claim of exemptions. She also claims that Waskowiak charged a fee for serving the writ of execution,

made reference to a nonexistent payment plan, and sought to collect on the judgment even after her claim of exemption. This conduct, Rojo contends, violates the FDCPA.

As a preliminary matter, Rojo acknowledges that, under Nebraska law, execution is an administrative process—a clerk of the court issues the writ and directs it to the sheriff of the county. Neb. Rev. Stat. § 25-1501. *See Fox v. Whitbeck*, 835 N.W.2d 638, 642 (Neb. 2013). She also recognizes that sheriffs, acting pursuant to a writ, may seize a debtor's property, and that such property may be sold to satisfy the judgment. Neb. Rev. Stat. § 25-1516. She argues, however, that Waskowiak and Watson overlooked or ignored certain statutory commands that limit sheriffs' authority in serving a writ of execution. She specifically points to Neb. Rev. Stat. § 33-119, which restricts the availability of fees associated with service of process, and § 25-1516, which requires the writ of execution to include a notice of exemptions form setting forth certain rights of the judgment debtor.

It is not entirely clear at this stage how, or to what extent, Watson and Waskowiak exceeded their statutory authority under state law. But, for the purposes of this Memorandum and Order, the Court will assume without deciding that the actions alleged were not authorized under Nebraska's writ of execution statutes. (That is, as will be addressed below, not a matter that should be finally determined by a federal court.) The next question, then, is whether such conduct is actionable under the FDCPA. The Court finds that it is not.

Congress enacted the FDCPA to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1962(e)). To this end, the Act prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, for liability to attach under the FDCPA, the defendant must be a "debt collector," which the Act defines as "'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another.'" *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016) (quoting 15 U.S.C. § 1692(e)).

Watson and Waskowiak argue that they are not "debt collectors," and therefore cannot be held liable for the alleged violation. This argument finds support in the "government employee" exception, which removes from the definition of debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in

- 3 -

the performance of his official duties." 15 U.S.C. § 1692a(6)(C). "State" is defined broadly to include "any State, territory, or possession of the United States, the District of Columbia . . . or any political subdivision of any of the foregoing." 15 U.S.C. § 1692a(8). Counties in Nebraska are political subdivisions. *See* Neb. Rev. Stat. § 13-2401(1)(a).

Rojo argues that the "government employee" exception does not apply in this case because the defendants "were acting like private debt collectors" and because the actions at issue "were not allowed to be performed by the Defendant Sheriffs by statute." Filing 18 at 14-15. But Rojo has not offered—and the Court has not found—a single case to support this proposition. In fact, courts have largely rejected this argument under analogous circumstances. *See, Heredia v. Green,* 667 F.2d 392 (3d Cir. 1981) (landlord and tenant officer appointed by a judge not subject to the FDCPA); *Garcia v. Fry,* No. 3:15-CV-597, 2016 WL 2944517, *4 (D. Conn. May 12, 2016) (state marshal exempt from the definition of debt collector "[e]ven if . . . [the alleged conduct] was not in accordance with Connecticut law"); *Georgeadis v. City of Fairfield,* No. C2-99-204, 2000 WL 1459418 *3 (S.D. Ohio Sept. 25, 2000) (granting summary judgment for the county, county court, county sheriff's department, and county court judge under the "government employee" exception to the FDCPA); *Parrish v. City of Highwood,* No. 95 C 4438, 1998 WL 773994 (N.D. Ill. Oct. 30, 1998) (police officer a government actor under FDCPA because his actions were done in the performance of official duties, even if they were not properly official acts); *but cf. Passa v. City of Columbus,* 2007 WL 3125130 (S.D. Ohio Oct. 24, 2007) (holding that a city is not a government employee under § 1692a(6)(C)).

But the Court need only look to the plain text of the FDCPA to conclude that Watson and Waskowiak are not "debt collectors" for the purposes of the Act. As noted above, the text clearly removes from the Act government employees in the performance of their official duties—a directive that is consistent with the FDCPA's legislative history. The Senate Report, which explains what Congress intended by the definition and exclusions, makes clear that "[t]he term debt collector is not intended to include . . . [g]overnment officials, *such as marshals and sheriffs*, while in the conduct of their official duties[.]" S. REP. NO. 95-382, at 3 (1977) (emphasis added).

The Court acknowledges Rojo's contention that the sheriffs were acting "as agents of Brumbaugh [& Quandahl]," filing 1 at 3, and that their conduct was more akin to that of a private debt collector than a government official. Filing 18 at 14. But these arguments, to the extent they are relevant under the FDCPA, are undermined by the very facts alleged in Rojo's complaint. Indeed, as Rojo notes, the alleged misconduct occurred after Brumbaugh &

Quandahl filed a praecipe for writ of execution against Rojo in an attempt to collect a judgment. Defendants Watson and Waskowiak, acting "[p]ursuant to the execution," filing 1 at 3, then served the writ on Rojo at her residence—a duty that, as Rojo acknowledges, is specifically entrusted to sheriffs under Nebraska law. *See* Neb. Rev. Stat. § 25-1501. The complaint further alleges that Waskowiak, in serving the writ of execution, arrived at Rojo's residence "in a marked Sheriff's vehicle wearing his Hall County Sheriff uniform, badge, and belt." Filing 1 at 3. It is difficult on these facts to see how—even at this stage of the litigation—Watson or Waskowiak acted outside the scope of their employment as sheriffs. And, to the extent that Rojo claims that either sheriff acted as an agent of Brumbaugh & Quandahl, she has provided no *facts* to support this argument.

Even assuming, as Rojo alleges, that Watson and Waskowiak exceeded their statutory authority, the Court is unable to draw a reasonable inference that the defendants are liable under the FDCPA for the violation alleged. Accordingly, the Court will grant Watson's and Waskowiak's motions to dismiss Rojo's FDCPA claim.

Rojo has also asserted separately-pled claims against Watson and Waskowiak for injunctive relief and against Watson for declaratory judgment. But those are remedies, not separate claims for relief, and the Court's assessment is that both claims are asserted under state law. Specifically, it appears that Rojo is asking the Court to determine the scope of a sheriff's authority under Nebraska state law to enforce a writ of execution.

The Court recognizes that it *may* continue to exercise supplemental jurisdiction over those claims. *See*, 28 U.S.C. § 1367(a) and (c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).[2] But the Court can also decline to do so, where a claim "raises a novel or complex issue of State law[.]" § 1367(a); *see Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998). Waskowiak and Watson argue that this Court lacks jurisdiction over Rojo's state law

---

[2] The Court recognizes, however, that the Eleventh Amendment bars federal courts from enjoining state officers from violating state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). This jurisdictional bar has been applied to suits for declaratory relief. *See, Bad Frog Brewery, Inc. v. New York State Liquor Authority*, 134 F.3d 87, 93 (2d Cir. 1998); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); *Benning v. Bd. of Regents of Regency Universities*, 928 F.2d 775, 778 (7th Cir. 1991). Thus, to the extent that supplemental jurisdiction is appropriate at all, it is under the assumption that Rojo's allegations are against Watson and Waskowiak as county officials—a contention that is not entirely clear from the complaint.

claims against them—but even those jurisdictional arguments rest substantially on questions of state law. *See* filing 15 at 2-11.

Having considered Rojo's state law claims against Waskowiak and Watson, and factors such as judicial economy, convenience, fairness, and comity, *see Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009), the Court declines to exercise supplemental jurisdiction. Rojo's state law claims against Waskowiak and Watson present novel issues of state law regarding the scope of a sheriff's authority to execute a writ of execution, and what remedies are available for allegedly *ultra vires* acts—issues that should not be decided by a federal court. Accordingly, those claims will be dismissed without prejudice to their reassertion in state court. *See* 28 U.S.C. § 1367(d).

IT IS ORDERED:

1. Rojo's claims against Watson and Waskowiak are dismissed.

2. Watson and Waskowiak are dismissed as parties.

Dated this 27th day of September, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge